UNITED STATES DISTRICT COURT FILED
DEC 30 2016
MARY C. LOEWENGUTH, CLERK
WESTERN DISTRICT OF NY

Revised 03/06 WDNY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FORM TO BE USED IN FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983
(Prisoner Complaint Form)

16 CV1048 A

All material filed in this Court is now available via the **INTERNET**. See **Pro Se Privacy Notice** for further information.

## 1. CAPTION OF ACTION

**A. Full Name And Prisoner Number of Plaintiff: NOTE:** *If more than one plaintiff files this action and seeks in forma pauperis status, each plaintiff must submit an in forma pauperis application and a signed Authorization or the only plaintiff to be considered will be the plaintiff who filed an application and Authorization.*

1. Joseph Jackson, 05B1287, PRo-Se
2. __________

-VS-

**B. Full Name(s) of Defendant(s) NOTE:** *Pursuant to Fed.R.Civ.P. 10(a), the names of all parties must appear in the caption. The court may not consider a claim against anyone not identified in this section as a defendant. If you have more than six defendants, you may continue this section on another sheet of paper if you indicate below that you have done so.*

1. City of Buffalo
2. Buffalo Police Department
3. __________
4. __________
5. __________
6. __________

## 2. STATEMENT OF JURISDICTION

This is a civil action seeking relief and/or damages to defend and protect the rights guaranteed by the Constitution of the United States. This action is brought pursuant to 42 U.S.C. § 1983. The Court has jurisdiction over the action pursuant to 28 U.S.C. §§ 1331, 1343(3) and (4), and 2201.

## 3. PARTIES TO THIS ACTION

**PLAINTIFF'S INFORMATION NOTE:** *To list additional plaintiffs, use this format on another sheet of paper.*

Name and Prisoner Number of Plaintiff: Joseph Jackson, 05B1287

Present Place of Confinement & Address: Coxsackie CoRRectional Facility
PoBox 999, Coxsackie, N.Y. 12051-0999

Name and Prisoner Number of Plaintiff: __________

Present Place of Confinement & Address: __________

DEFENDANT'S INFORMATION NOTE: *To provide information about more defendants than there is room for here, use this format on another sheet of paper.*

Name of Defendant: City of Buffalo

(If applicable) Official Position of Defendant: Municipality

(If applicable) Defendant is Sued in ✓ Individual and/or ✓ Official Capacity

Address of Defendant: Eric T. Schneiderman, Attorney General of the State of New York, Main Place Tower, Suite 300A, 350 Main Street, Buffalo, N.Y. 14202

Name of Defendant: Buffalo Police Department

(If applicable) Official Position of Defendant: Municipality

(If applicable) Defendant is Sued in ✓ Individual and/or ✓ Official Capacity

Address of Defendant: Eric T. Schneiderman, Attorney General of the State of New York, Main Place Tower, Suite 300A, 350 Main Street, Buffalo, N.Y. 14202

Name of Defendant: __________

(If applicable) Official Position of Defendant: __________

(If applicable) Defendant is Sued in ____ Individual and/or ____ Official Capacity

Address of Defendant: __________

## 4. PREVIOUS LAWSUITS IN STATE AND FEDERAL COURT

A. Have you begun any other lawsuits in **state or federal court** dealing with **the same facts involved in this action**?
Yes____ No ✓

If Yes, complete the next section. NOTE: *If you have brought more than one lawsuit dealing with the same facts as this action, use this format to describe the other action(s) on another sheet of paper.*

1. Name(s) of the parties to this other lawsuit:

   Plaintiff(s): __________

   Defendant(s): __________

2. Court (if federal court, name the district; if state court, name the county): __________

3. Docket or Index Number: __________

4. Name of Judge to whom case was assigned: __________

5. The approximate date the action was filed:______________________________

6. What was the disposition of the case?

Is it still pending? Yes____ No____

If not, give the approximate date it was resolved.______________________

Disposition (check the statements which apply):

____ Dismissed (check the box which indicates why it was dismissed):

____ By court *sua sponte* as frivolous, malicious or for failing to state a claim upon which relief can be granted;

____ By court for failure to exhaust administrative remedies;

____ By court for failure to prosecute, pay filing fee or otherwise respond to a court order;

____ By court due to your voluntary withdrawal of claim;

____ Judgment upon motion or after trial entered for

____ plaintiff

____ defendant.

B. Have you begun **any other lawsuits** in **federal court** which **relate to your imprisonment**?

Yes____ No ✓

If Yes, complete the next section. NOTE: *If you have brought more than one other lawsuit dealing with your imprisonment, use this same format to describe the other action(s) on another sheet of paper.*

1. Name(s) of the parties to this other lawsuit:

Plaintiff(s):______________________________

______________________________

Defendant(s):______________________________

______________________________

2. District Court:______________________________

3. Docket Number:______________________________

4. Name of District or Magistrate Judge to whom case was assigned:______________

______________________________

5. The approximate date the action was filed:______________________________

6. What was the disposition of the case?

Is it still pending? Yes____ No____

If not, give the approximate date it was resolved.______________________

Disposition (check the statements which apply):

____ Dismissed (check the box which indicates why it was dismissed):

____ By court *sua sponte* as frivolous, malicious or for failing to state a claim upon which relief can be granted;

____ By court for failure to exhaust administrative remedies;

____ By court for failure to prosecute, pay filing fee or otherwise respond to a court order;

____ By court due to your voluntary withdrawal of claim;

____ Judgment upon motion or after trial entered for

____ plaintiff

____ defendant.

---

## 5. STATEMENT OF CLAIM

For your information, the following is a list of some of the most frequently raised grounds for relief in proceedings under 42 U.S.C. § 1983. (This list does not include all possible claims.)

- Religion
- Free Speech
- Due Process
- Equal Protection
- Access to the Courts
- False Arrest
- Excessive Force
- Failure to Protect
- Search & Seizure
- Malicious Prosecution
- Denial of Medical Treatment
- Right to Counsel

**Please note that** it is not enough to just list the ground(s) for your action. You **must** include a statement of the facts which you believe support each of your claims. In other words, tell the story of what happened to you but do not use legal jargon.

**Fed.R.Civ.P. 8(a)** states that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "The function of pleadings under the Federal Rules is to give fair notice of the claim asserted. Fair notice is that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so it may be assigned the proper form of trial." Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995). **Fed.R.Civ.P. 10(b)** states that "[a]ll averments of claim ... shall be made in numbered paragraphs, the contents of each of which shall be limited as far a practicable to a single set of circumstances."

---

## Exhaustion of Administrative Remedies

Note that according to **42 U.S.C. § 1997e(a)**, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prison er confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

You must provide information about the extent of your efforts to grieve, appeal, or otherwise exhaust your administrative remedies, and you must attach copies of any decisions or other documents which indicate that you have exhausted your remedies for each claim you assert in this action.

# 5. STATEMENT OF CLAIM

1) On March 5, 2004 Plaintiff Was in A Green Kia Sports truck With Kerry Eldridge. Kerry Eldridge Stopped at A house On SouthPark Avenue in Buffalo, New York and Made a Call [ He Told Plaintiff this was His Children's Mother's House]. MR. Eldridge Was on the phone for about 10 to 15 Minutes. He then got Back into the car and drove on to Seneca Street going towards Downtown Buffalo. Thats When A Marked police car Followed us. Kerry Eldridge Made A Right turn onto A Side Street and Made 3 more Right turns Until We Were Back on Seneca Street. Once Back on Seneca Street there were at least 12 police Vehicles, Marked and unmarked cars, Surrounding us, telling us to put our Hands up, turn off the Vehicle or they will Shoot.

2.) Plaintiff later found out, through an Ingle Hearing, that Kerry Eldridge was A paid Confidential Informant who assisted the arrest of Plaintiff and Brought Plaintiff into Custody as if He Were an Officer Himself for A Crime that Plaintiff Was Not Even A Suspect For. See Exhibit A. The only thing MR. Eldridge did Not do was place the Cuffs on Plaintiff and Read Him His Rights. [This was Entrapment (Minus a crime being committed) Because Plaintiff Was Not A Suspect For A Crime and Plaintiff Could Not Leave on His own will if He Wanted to. If the Police Department Had Enough Probable Cause To arrest Plaintiff they would have Arrested Plaintiff their selves inStead of Using MR. Eldridge to Make this Arrest desguised as A Routine traffic Stop.]

3.) The Buffalo Police Department Made the arrest of Plaintiff Look as if it Were A Routine traffic Stop. See Exhibit B.

4.) There was No Probable Cause to arrest Plaintiff Because Plaintiff Was Not A Suspect in any crime other than the Word of A Paid Informant. See Exhibit C.

5.) Buffalo Police made, What they called, A Routine traffic Stop to arrest Plaintiff on Unrelated charges. One of their own, assisting officer Anthony Sisti, admitted on Record that this was Not A Routine traffic Stop. He was told By His Superior Officer Lieutenant Robert Macey, who was given orders by Detective Mark Lauber to pull this specific vehicle over. See Exhibit D.

6.) The details that MR. Eldridge Was paid to give Were the same details that were given on the News Numerous times. He was Paid for giving information, Period. None of the information He'd given Had Ever gotten A conviction, Proving Him to Be Unreliable. See Exhibit E.

7.) This Led to the unlawful Search and Seizure of Plaintiff's Being. As A Result of this, "Routine Traffic Stop", Plaintiff Was arrested For A Small amount of Marijuana <which was A Violation> and A gravity Knife Which was Not His and Not In His possession <an A misdemeanor>. See Exhibit F. They used the gravity Knife to Detain Plaintiff Because Marijuana was-

- Only A Violation, and Plaintiff could only Be Detained For A Violation But So Long. The gravity Knife didnt Even Have Plaintiff's FingerPrints On it.

This Made the arrest False. The act of Using A Paid informant to Set up A Routine traffic Stop Made this arrest Unlawful.

The Buffalo Police Department Went against Custom When they Violated Probable Cause and Search and Seizure to arrest Plaintiff.

This was A violation of 4th Amendment <Probable Cause and Search and Seizure; False and Unlawful Arrest>. This also Violated Customary international Law <arbitrary Detention> and Universal Declaration of Human Rights Article 3.

## Questions of LAW:

(1) Was there Enough Evidence to obtain A Search Warrant or A warrant to arrest Plaintiff?

(2.) If so: WHy did Detectives use Paid Informant to Set up this arrest?

(3.) If not: Was Probable Cause and Search and Seizure Violated?...

---

A. FIRST CLAIM: On (date of the incident) MARch 5, 2004,
defendant (give the name and position held of each defendant involved in this incident) The City of Buffalo <Municipality> and The Buffalo Police Department <municipality>.

did the following to me (briefly state what each defendant named above did): The City of Buffalo overSees The Buffalo Police Department, The Buffalo Police Department Violated my FouRth Amendment Rights By illegally Detaining me By USing An UnReliable Paid informant to Set up an aRRest Made to Look Like A Routine tRaffic Stop

The constitutional basis for this claim under 42 U.S.C. § 1983 is: 4th Amendment (PRobable Cause and SeaRch and Seizure; False and Unlawful ARRest)

The relief I am seeking for this claim is (briefly state the relief sought): $10 million Dollars in Nominal and Compensatory Damages, and InJunction to Demote Detective MARK Lauber FoR His practice of using illegal TACTICS

**Exhaustion of Your Administrative Remedies for this Claim:**

Did you grieve or appeal this claim? ✓ Yes ___ No If yes, what was the result? Denied

Did you appeal that decision? ✓ Yes ___ No If yes, what was the result? Denied

*Attach copies of any documents that indicate that you have exhausted this claim.*

If you did not exhaust your administrative remedies, state why you did not do so: ___

---

A. SECOND CLAIM: On (date of the incident) ___,

defendant (give the name and position held of each defendant involved in this incident) ___

did the following to me (briefly state what each defendant named above did): ____________________

The constitutional basis for this claim under 42 U.S.C. § 1983 is: ____________________

The relief I am seeking for this claim is (briefly state the relief sought): ____________________

**Exhaustion of Your Administrative Remedies for this Claim:**

Did you grieve or appeal this claim? ______ Yes ______ No If yes, what was the result? ____________________

Did you appeal that decision? ______ Yes ______ No If yes, what was the result? ____________________

*Attach copies of any documents that indicate that you have exhausted this claim.*

If you did not exhaust your administrative remedies, state why you did not do so: ____________________

**If you have additional claims, use the above format and set them out on additional sheets of paper.**

## 6. RELIEF SOUGHT

*Summarize the relief requested by you in each statement of claim above.*

$20 Million Dollars in Nominal and Compensatory Damages, and Injunction to Demote Detective MARK Lauber For his practice of using illegal TACTICS.

Do you want a jury trial? Yes ✓ No____

**I declare under penalty of perjury that the foregoing is true and correct.**

Executed on 12-26-16
(date)

NOTE: *Each plaintiff must sign this complaint and must also sign all subsequent papers filed with the Court.*

Joseph JACKSON, 05B1287 PRo-se

Signature(s) of Plaintiff(s)

# EXHAUSTION OF REMEDIES

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE

THE PEOPLE OF THE STATE OF NEW YORK

-VS-

**Indictment No. 00189-2004-S01**

JOSEPH JACKSON

Defendant

FILED
2009 JUL 30 PM 4:11
ERIE COUNTY
CLERK'S OFFICE

**Frank A. Sedita, III, Esq.,**
Erie County District Attorney,
By: **J. Michael Marion, Esq.,**
Assistant District Attorney,
For the People.

**Joseph Jackson,** Defendant, *Pro Se.*

**MEMORANDUM AND ORDER**

**WOLFGANG , J.**

Defendant moves to vacate judgment pursuant to Section 440.10 of the Criminal Procedure Law, having filed motions for that relief dated August 4, 2008 and August 27, 2008. The underlying indictment charged defendant *inter alia* with four counts of murder in the second degree, two counts of kidnaping in the first degree, one count each of attempted murder in the second degree and robbery in the first degree. The crimes were committed in two separate incidents.

Defendant pleaded guilty to one count of manslaughter in the first degree (Penal Law § 125.20[1]), involving the victim Bobby Hayes, and assault in the first degree ( Penal Law § 120.10[1]), involving the victim Homer Broadus in satisfaction thereof. At the time the plea was entered, the court agreed to impose a sentence ranging from 20 to 25 years. Defendant agreed to waive and withdraw all pending motions, and to waive the right to appeal

On April 8, 2005, defendant was sentenced to a 20 year term of imprisonment and 5 years post-release supervision for each conviction, to be served concurrently. The judgment was unanimously affirmed ( *People v. Jackson,* 37 AD3d 1080). Defendant subsequently moved for *vacatur,* claiming that the plea was invalid and placed him in double jeopardy. The court denied that motion on September 19, 2008.

In his motion dated August 27, 2008, defendant contends that he did not voluntarily and intelligently plead guilty, because the court failed to advise him that the sentence would entail a period of post-release supervision.

Prior to defendant's pleading guilty, defendant's attorney advised him that in addition to a term of imprisonment, defendant would be sentenced fo five(5) years post-release supervision. Defendant acknowledged that he understood this ( *see,* plea transcript, pp. 13-14). Therefore, since the record contradicts defendant's claim, that motion is denied (CPL § 440.30 [4][d]).

In his motion dated August 4, 2008, defendant claims that he did not receive effective assistance of counsel. Defendant alleges that his first attorney, John Jordan, failed to investigate alibi witnesses and defendant's competency, neglected to inform defendant of the right to testify in the grand jury, failed to file a CPL §190.80 motion, mishandled suppression issues, did not demand rulings on pre-trial hearings, coerced defendant to plead guilty and ignored defendant's motion to withdraw the plea.

Sufficient facts appear in the record to have permitted the Appellate Division to review defendant's claims insofar as they relate to counsel's performance at the suppression hearings. Those issues were or could have been raised on direct appeal and therefore must be denied ( CPL § 440.10[2][a],[c]).

Defendant has failed to demonstrate that he was prejudiced by counsel's failure to file a CPL § 190.80 motion or notify him of the grand jury presentment. Since was accused by an indictment and not by a superior court information, CPL § 195.10[1][b] does not bar his conviction. Those claims are therefore without merit.

At the time the plea was entered, defendant acknowledged that neither his attorney or anyone else was forcing him to plead guilty, and that he was in fact satisfied

with the services rendered by Mr. Jordan. This record therefore contradicts defendant's claim that the plea was coerced, and the court finds no reasonable possibility that defendant was not proceeding voluntarily ( CPL § 440.30 [4][d]).

Lastly, defendant's motion to withdraw the plea, based in part upon the claim that he was dissatisfied with Mr. Jordan's representation, was submitted and argued by his second attorney, Joseph Terranova. Therefore, any failure of his first attorney to present the withdrawal motion is moot.

After considering the facts of this matter, the evidence and the totality of the circumstances involved in this matter, the court finds that defendant received meaningful representation ( *see, People v. Baldi,* 54 N.Y. 2d 137). Mr. Jordan made appropriate pre-trial motions, including motions to suppress, and satisfactorily participated in the *Ingle* and *Wade* hearings. There is nothing in the record indicating that counsel was ineffective, and counsel was successful in negotiating an advantageous plea and sentencing commitment, relative to the sentencing exposure had defendant been convicted after a trial (*see, People v. Ford,* 86 N.Y. 2d 397).

NOW, THEREFORE, upon reading and filing the annexed motions dated August 4, 2008 and August 27, 2008, and the opposing affidavit of J. Michael Marion, Assistant District Attorney, sworn to on April 1, 2009, and due deliberation having been had thereon, it is

ORDERED, ADJUDGED AND DECREED, that the said motions be and the same are hereby denied in all respects.

This decision shall constitute the order in this matter for appeal purposes and no other or further order shall be required. Pursuant to Criminal Procedure Law, Sections 450.15 and 460.15, the defendant may appeal from this order denying his post-conviction motions to vacate judgment only if a certificate is obtained granting him leave to appeal. If he wishes to appeal, the defendant must make an application to the Supreme Court, Appellate Division, Fourth Department, for such a certificate within thirty (30) days of service upon him of this Memorandum and Order (CPL 460.10 [4]

[a]). If the defendant is unable to pay the cost of such an appeal, he may apply to the Appellate Division for leave to appeal as a poor person.

GRANTED
May 6, 2009

HON. PENNY M. WOLFGANG
J. S. C.

ENTER:

Form 5. DAILY RECORD CORP.

SUPREME COURT OF THE STATE OF NEW YORK

# Appellate Division, Fourth Judicial Department

---

KA 11-02463

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V

JOSEPH JACKSON, DEFENDANT-APPELLANT.

Indictment No: 00189-2004-S01

---

I, Salvatore R. Martoche, Associate Justice of the Appellate Division, Fourth Department, do hereby certify that upon the motion of defendant for a certificate granting leave to appeal pursuant to CPL 460.15 from an order of the Supreme Court, Erie County entered July 30, 2009, there is no question of law or fact which ought to be reviewed by this Court, and permission to appeal is hereby denied.

Dated: 1/20/12

Salvatore R. Ma[signature]

Hon. Salvatore R. Martoche
Associate Justice

Supreme Court
APPELLATE DIVISION
Fourth Judicial Department
Clerk's Office, Rochester, N.Y.

*I,* **FRANCES E. CAFARELL,** *Clerk of the Appellate Division of the Supreme Court in the Fourth Judicial Department, do hereby certify that this is a true copy of the original order, now on file in this office.*

SUPREME COURT APPELLATE DIVISION • FOURTH DEPARTMENT •

***IN WITNESS WHEREOF,*** *I have hereunto set my hand and affixed the seal of said Court at the City of Rochester, New York, this* OCT 31 2012

***Clerk***

EXHIBIT

A

11. The indictment fails to substantially conform to the requirements set forth in CPL Article 200.

12. The indictment includes duplicitous counts in violation of CPL 200.30.

13. The arrest of the defendant was wholly without probable cause.

14. The grand jury proceeding was defective within the meaning of CPL 210.35.

15. In the alternative, defendant moves to dismiss the indictment in the furtherance of justice pursuant to CPL 210.40, as the facts and circumstances set forth above clearly demonstrate that the prosecution of defendant would constitute or result in injustice.

## INGLE HEARING

16. In New York, the stop of a moving vehicle is controlled by the holding of the Court of Appeals in People v. Ingle, (1975) 36NY2d, 413,369NYS2d67.

17. The Ingle Court stated that a motorist has a "general right to be free from arbitrary State intrusion on his freedom of movement even in an automobile."

18. The vehicle that Mr. Jackson was riding in was stopped without probable cause and he, therefore, requests a hearing to determine the lawfulness of said stop

## HUNTLEY HEARING

19. The Defendant hereby requests the District Attorney to supply his counsel with any statements, oral or written, made by the Defendant and which is intended will be offered in evidence against the Defendant in his or her trial. In the event the People do intend to offer in evidence any statement whether oral or written, allegedly made by the Defendant, a full and complete hearing is hereby requested to investigate the facts and

EXHIBIT

B

# Incident Report
# BUFFALO POLICE DEPARTMENT

DRAFT

04-9834

Supplement No: ORIG

## Arrested 1: JACKSON,JOSEPH R JR

| Invl | Seq | Type | Name | MNI | Race | Sex | DOB | Age |
|---|---|---|---|---|---|---|---|---|
| ARR | 1 | I | JACKSON,JOSEPH R JR | 10846 | B | M | 09/11/1985 | 18 |

| Juvenile? | Height | Weight | Hair Color | Eye Color | Tone |
|---|---|---|---|---|---|
| N | 5'07" | 150# | BLK | BRO | MED |

## Arrest Info

| Involvement | Arrest Type | Arrest Date | Arrest Time | Book Date | Book Time | Status |
|---|---|---|---|---|---|---|
| ARR | A | 03/05/2004 | 09:23:00 | 03/05/2004 | 09:23:00 | BOOK |

| Arrest Location | City | Rep Dist |
|---|---|---|
| 340 SENECA ST | BUFFALO | 04053 |

| Charge | Charge Literal |
|---|---|
| 221.05 | UNLAW POSS MARIHUANA |
| 265.01 01 | CRIM POSS WEAP-4TH:F |

## Complainant 1: SONY

| Invl | Seq | Type | Name | MNI |
|---|---|---|---|---|
| COM | 1 | B | SONY | 23017 |

| Type | Address | City | State |
|---|---|---|---|
| BS | 1847 S PARK AV | BUFFALO | NY |

## Phone Numbers

| Type | Phone No |
|---|---|
| B | 851-4415 |

## Vehicle

| Invl | Invl Date | Type | Plate No | State | Reg Year | Reg Type | Year | Make | Model | Style | Color |
|---|---|---|---|---|---|---|---|---|---|---|---|
| RPO | 03/12/2004 | 1 | CTK7371 | NY | 2004 | A | 2002 | KIA | SPO | 4D | GRN |

## Property

| Invl | Invl Date | Description | Typ | Cat | Article | # Pieces |
|---|---|---|---|---|---|---|
| SZD | 03/12/2004 | BAGGIE W/SUSP MARIHUANA | A | $ | DRUGS | 1 |

## Property

| Invl | Invl Date | Description | Typ | Cat | Article | # Pieces |
|---|---|---|---|---|---|---|
| SZD | 03/12/2004 | BUTTERFLY KNIFE | A | S | KNIFE | 1 |

## Modus Operandi

| Gang Act? | Domestic Violence? |
|---|---|
| N | N |

## Narrative

DURING A TRAFFIC STOP ON THE ABOVE D/T/L THE DEFENDANT WAS FOUND TO BE IN POSSESSION OF A PLASTIC BAGGIE CONTAINING SUSP. MARIHUANA AND A BUTTERFLY KNIFE. CLEARED W/ARREST

# EXHIBIT C

Line BARS 3 - 6

to that point.

Q: So Joseph Jackson was not a suspect, was he, in the Hayes case until you received this information from your snitch?

A: Yes.

Q: And do you recall, do you read the paper, The Buffalo News?

A: Sometimes.

Q: Do you recall after this Hayes incident, this was fairly newsworthy, wasn't it?

A: Yes, it was.

Q: Do you remember an initial article in The News, basically detailing what a senseless killing this was, that this Hayes kid was just a good kid and was killed for no reason, something along those lines?

A: I think I recall something to that effect, yes.

Q: Okay. And then do you recall at least the second article, hey wait a minute, maybe this Hayes kid wasn't an angel? In fact he was involved in a botched robbery, do you remember something like that?

A: Yes.

Q: And there were some details with this case published in The News, weren't they?

A: To my recollection there were details of this

# EXHIBIT D

Line BARS 9-21

NO TRaFFic Violation

A: We took them down to the Major Case office.

Q: And at that point were those individuals turned over to detectives?

A: Yes, they were.

MR. CASE: That is all I have. Thank you, Officer.

CROSS-EXAMINATION BY MR. JORDAN:

Q: Officer Sisti, the two lieutenants that were riding with you, Ken Bienko and Robert Macey?

A: Yes.

Q: You were told to pull this vehicle over, right?

A: Yes, I was.

Q: So you didn't, you did not observe any Vehicle and Traffic infractions? In other words, the basis for the stop was the word of the driver, the confidential source, is that a fair statement?

A: The reason for the stop was orders from my lieutenant, yes.

Q: So you were ordered to pull it over?

A: Yes.

Q: So the minute you saw this vehicle, when it was parked in the flow of traffic at a red light, at a stop sign, you were pulling it over?

A: Not the minute I saw it, as I stated previously I

# EXHIBIT E

Paid INformant uNReliable

Line BaRS 3 oNto Next Page Line BAR #2

A: No.

Q: It was your testimony on direct examination that you personally received a call from the confidential source?

A: Yes, I spoke with him that morning, yes.

Q: Okay. And that would be a Kerry Eldridge?

MR. CASE: Objection, your Honor.

THE COURT: Sustained, at this point.

MR. JORDAN: Your confidential source provided information to you, testified in seven unrelated cases?

THE WITNESS: Yes.

Q: Okay. Did your confidential source have anything to gain in providing you with the information concerning Mr. Jackson's role in this case?

A: No.

Q: Was he paid any money?

A: Yes, he was.

Q: For his testimony or for his, based on the information that he provided you to Mr. Jackson, he was paid money?

A: Once that we verified the information, he was given a reward, yes.

Q: Okay. So this guy is a professional snitch, is

that a fair characterization?

MR. CASE: Object to the form of the question, your Honor.

THE COURT: Sustained.

MR. JORDAN: Have you paid him on prior occasions for information that he has provided to you?

THE WITNESS: Yes.

Q: And on those approximate seven cases was it your testimony that all of those have led to convictions?

A: No.

Q: Okay. So that some of the information that he has provided you does not pan out necessarily, is that a fair statement?

A: On the seven occasions that I have used him prior to that, there are still pending cases, so they haven't been adjudicated, yet.

Q: On all of those seven cases, though, they have led to arrests?

A: Yes.

Q: Did you receive any information from Mr. Eldridge, excuse me, I mean your confidential source, concerning the Broadus case? The Broadus assault in January?

A: I don't believe, no, I don't believe I did.

EXHIBIT

F

# City Court of Buffalo – Department of Police
# Central Booking Bureau

MISDEMEANOR/VIOLATION INFORMATION

State of New York, County of Erie, City Court of Buffalo

THE PEOPLE OF THE STATE OF NEW YORK

| | DEFENDANT(S) | DOB | CASE NO. |
|---|---|---|---|
| VS | JOSEPH JACKSON | 9/11/85 | 04-02543-20 |
| VS | | | |
| VS | | | |
| VS | | | |

I, LT ROBERT MACEY accuse the above named defendant(s) in this action, that on or about 3/5/2004 AT 0923HRS in the City of Buffalo, did intentionally, knowingly and unlawfully commit the misdemeanor/violation of CRIMINAL POSSESSION OF WEAPON 4TH DEGREE/UNLAWFUL POSSESSION OF MARIHUANA Contrary to the provision of 265.01-1/221.05 of the [X] Penal Law [_] Vehicle and Traffic Law [_] ______ Law of the State of New York [_] Ordinances of the City of Buffalo.

The facts upon which this accusation is based are [X] of my own knowledge [ ] on information and belief.

265.01-1 CRIMINAL POSSESSION OF WEAPON 4TH DEGREE
In that the defendant, while at 340 Seneca, did have possession of a gravity knife; in that the defendant have in his possession and under his control one gravity knife which was found on the passenger side floor of a Kia Sportage, green in color, NY Reg CTK-7371. Said knife was observed in plain view of Lt Kenneth Bienko and also recovered by Lt Kenneth Bienko. Evidence by Det James Maroney.

221.05 UNLAWFUL POSSESSION OF MARIHUANA
In that the defendant, while at 340 Seneca, did knowingly and unlawfully possess marihuana; in that the defendant did have in his possession and under his control one small bag containing marihuana inside it, which was found in the defendant's left front pants pocket by Lt Robert Macey. Evidence submitted by Det James Maroney.

I, Lt Robert Macey, through my training and experiences as a police officer and my previous seizures of marihuana which have been confirmed by laboratory analysis, I do recognize the green vegetable substance to be marihuna

Please take notice, pursuant to CPL 710.30, of the People's intent to offer at trial, evidence of defendant's statements to a public servant as referenced above.

Relationship:

NOTICE: False statements made herein are punishable as a Class A Misdemeanor pursuant to Section 210.45 of the New York State Penal Law.

| Lt. Robert A. Macey | PO/A DISTRICT | 3/5/2004 |
|---|---|---|
| Officer's\Complainant's Signature | Rank/Assignment | Date |

Supporting Deposition(s) Attached? Yes [ ] No [X]

4

Enclosed is 3 Motions.

1 original for the courts and 2 copies, 1 for each Defendant.

The facility was supposed to send the Informa Pauperis Form seperately. Did you Recieve it yet? Please Let Me Know when you Do Because This Facility does'nt write us Back to Let us Know Anything.

Thank You

JS 44 (Rev. 08/16) **CIVIL COVER SHEET** 16 CV 1048

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS** Joseph Jackson, 03B1082

**DEFENDANTS** City of Buffalo, Buffalo Police Department

**(b)** County of Residence of First Listed Plaintiff Greene
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant Erie
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)* Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☒ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*: 42 USC. 1983
Brief description of cause: False and unlawful arrest 4th Amendment violation of probable cause and search and seizure

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ 20,000,000 Ten Million Dollars
CHECK YES only if demanded in complaint: JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** *(See instructions):* JUDGE ______ DOCKET NUMBER ______

DATE SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

Coxsackie Correctional Facility
PoBox 999
Coxsackie, N.Y. 12051-0999
J. Jackson
05B1287

USDC - WDNY
DEC 30 2016
BUFFALO

U.S. DISTR
2 Niag
Buffalo, N.Y.